# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FINANCE OF AMERICA REVERSE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BIENVENIDO VALLE GONZÁLEZ A/K/A BIENVENIDO VALLE; ET. AL.,**<br><br>Defendants. | CIVIL NO. 16-1450 (DRD) |

**OPINION AND ORDER**

Pending before the Court is Defendants' *Motion to Dismiss*. *See* Docket No. 50. Specifically, the controversy at hand requires a determination as to whether Plaintiff followed the procedures agreed by the parties in the mortgage deed prior to filing the instant foreclosure proceedings. For the reasons stated herein, the Court **DENIES** Defendants' motion to dismiss.

## I. FACTUAL AND PROCEDURAL OVERVIEW

This foreclosure action arises out of an alleged non-compliance from Defendants with a mortgage deed. On December 14, 2010, for value received, Defendants executed and delivered a mortgage note payable to The Money House, Inc. or its order for the principal amount of $322,500.00 with an interest of 5.250%, and as security of the same, a mortgage was constituted on that same date, pursuant to registered deed number 251, issued in Ponce, Puerto Rico before notary Francisco R. Febus Rivera, Esq.. The mortgage

deed is registered in the Registry of Property of Puerto Rico, Section of Mayagüez at KARIBE volume of Hormigueros, 14th inscription, property identified with number 1,512 where it remains in full force. *See* Docket No. 42, p. 1, ¶ 6. Defendants are the record owners of the mortgaged property pursuant to the Registry of Property of Puerto Rico. Section 9(b)(iii) of the Mortgage Deed states the following:

> (b) Due and Payable with Secretary Approval. Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:
>
> [. . .]
>
> (iii) An obligation of the Borrower under the Security Instrument is not performed.

Docket No. 42-1, p. 8.

Defendants are seeking dismissal asserting that Plaintiff did not follow the procedure agreed by the parties in the mortgage deed prior to the filing of the instant claim. Defendants aver that since the Amended Complaint does not make reference to the notice that must be provided by Plaintiff to Defendants prior to the filing of the complaint, Plaintiff is not entitled to any relief.

However, prior to addressing the merits of said motion, the Court must review the applicable legal foundation.

## II. APPLICABLE LAW

### A. *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

2

8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See* Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir.2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' ") (quoting Twombly, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; See e.g. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See* Iqbal, 556 U.S. at 677–679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir.2009) (quoting Iqbal, 556 U.S. at 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sánchez v. Pereira–Castillo, 590 F.3d 31, 41 (1st Cir.2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 682 (citing Twombly, 550 U.S. at 567).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." Sepúlveda–Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir.2010) (citing Twombly, 550 U.S. at 556); Ocasio–Hernández, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 679); See Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.") (internal quotation marks omitted); *See* Ocasio–Hernández, 640 F.3d at 12 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that

4

actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda–Villarini, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. Penalbert–Rosa v. Fortuño–Burset, 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596; See Iqbal, 556 U.S. at 681 ("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); See Mendez Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir.2010) (the Twombly and Iqbal standards require District Courts to "screen[ ] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. Ocasio–Hernández, 640 F.3d at 12 (citing Sánchez v. Pereira–Castillo, 590 F.3d 31, 49 (1st Cir.2009)).

### III.  LEGAL ANALYSIS

Defendants are seeking dismissal asserting that Plaintiff did not follow the procedure agreed by the parties in the mortgage deed prior to the filing of the instant claim. Defendants aver that since the Amended Complaint does not make reference to

5

the notice that must be provided by Plaintiff to Defendants prior to the filing of the complaint, Plaintiff is not entitled to any relief.

Meanwhile, Plaintiff asserts that Defendants failed to perform an obligation under the terms of the mortgage deed by failing to maintain an insurance on the property and/or provide evidence of the same. The non-compliance resulted in an approval from the Secretary of Housing and Urban Development as grounds for the acceleration of the debt on or before August 20, 2013. *See* Docket No. 42, pp. 6-7, ¶ 11. Plaintiff further alleges that allegation number 14 covers the mention of the notice sent to Defendants prior to the filing of the complaint.[1]

It is a well-known fact that the rule of law applicable to pleadings is that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see* <u>Politico v. Promus Hotels, Inc.</u>, 184 F.R.D. 232, 233 (E.D.N.Y. 1999) ("The complaint should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond."); and 5 Fed. Prac. & Proc. Civ. § 1281 (3rd ed.). The fact that Plaintiff's allegations in the Complaint comply with the standard of being simple, concise, and direct, does not preclude Plaintiff from expanding from such allegations in order to substantiate them.

---

[1] "All conditions precedent to the maintenance of this action have been performed, excused, waived or have otherwise occurred." *Id*. at. p. 6, ¶ 14.

Moreover, on October 21, 2015, Plaintiff sent notice to Defendants of their default[2] which provided them an opportunity to correct the matter. Such document stated the following:

> In accordance with the terms of the mortgage or deed of trust securing the sums due under the loan ("Security Instrument"), you are hereby notified that the loan is presently in default because you have failed to pay the Hazard Insurance. Amounts have been advanced on your behalf to cover these expenses. However, this failure to fulfill the agreements in your loan documents, including without limitation the note and Security Instrument, is a default of the loan and the loan has been accelerated and is now due and payable.

*See* Docket No. 51-1. Defendants did not respond to Plaintiff's notice. Consequently, the Secretary of Housing and Urban Development approved Defendants' failure to maintain insurance to the subject property as grounds for acceleration of debt and Plaintiff proceeded to file the instant claim. *See* Docket No. 42, pp. 5-6, ¶ 11.

Having carefully examined Plaintiff's Amended Complaint, and accepting as true all allegations contained therein, the Court finds that it contains sufficient facts that comply with the basic elements of the cause of action. The Court further finds that Plaintiff's complaint asserts a plausible claim for relief.

Furthermore, the Court notes the allegations of Defendants' failure to comply with the agreement of maintaining an insurance on the subject property and failing to reply to Plaintiff's notice regarding this non-compliance are fatal to Defendants' request for dismissal. It was Defendants' non-compliance with the Mortgage Deed what forced

---

[2] Pursuant to the Proof of Delivery submitted by Plaintiff, such notice was sent via United States Postal Service's ("USPS") Certified Mail service to Defendants on October 23, 2015. However, since it was unclaimed by Defendants, the USPS returned the document to sender. *See* Docket No. 54-2. Further, the notice was sent several months prior to the filing of the Complaint, on March 14, 2016. *See* Docket No. 1.

Plaintiff to file the instant claim upon the compliance with all conditions precedent to such filing. Consequently, the Court is forced to conclude that Defendants are not entitled to the relief requested in their Motion to Dismiss.

## IV. CONCLUSION

For the reasons elucidated above, the Court hereby **DENIES** Defendants' Motion to Dismiss (Docket No. 50).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of October, 2017.

*S/DANIEL R. DOMÍNGUEZ*
DANIEL R. DOMÍNGUEZ
UNITED STATES DISTRICT JUDGE